**MAYER BROWN LLP**
Sarah E. Reynolds (SBN 319780)
SReynolds@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

**MAYER BROWN LLP**
Charles E. Harris, II (*pro hac vice* application pending)
CHarris@mayerbrown.com
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

*Attorneys for Defendant Turn Technologies, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| NICK MILETAK,<br><br>                    Plaintiff,<br><br>vs.<br><br>TURN TECHNOLOGIES, INC.,<br><br>                    Defendant. | Case No. 5:20-cv-9249<br><br>California Case No.: 20-CV-374163<br><br>**NOTICE OF REMOVAL BY TURN TECHNOLOGIES, INC. UNDER 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>(DIVERSITY JURISDICTION) |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF:

PLEASE TAKE NOTICE THAT Defendant Turn Technologies, Inc. ("Turn"), under sections 1332, 1441 and 1446 of Title 28 of the United States Code (the "Judicial Code"), 28 U.S.C. §§ 1332, 1441, 1446, removes the state court action described below to this Court.

## STATEMENT OF JURISDICTION

This is a civil action over which this Court has original jurisdiction under section 1332(a)(1) of the Judicial Code, 28 U.S.C. § 1332, and which therefore may be removed to this Court under sections 1441 and 1446 of the Judicial Code, 28 U.S.C. §§ 1441, 1446, as discussed in more detail below.

## BASES FOR DIVERSITY AND REMOVAL

1. Plaintiff Nick Miletak filed an action against Turn on December 2, 2020, in the Superior Court of the State of California, Santa Clara County: *Miletak v. Turn Technologies, Inc.*, Case No. 20-CV-374163. On December 10, 2020, Plaintiff emailed Turn a copy of his Summons, Complaint (the "Complaint"), and other papers, but he has not served Turn with the documents. A copy of the papers Plaintiff emailed to Turn is attached as Exhibit A.

2. Turn has timely filed this Notice of Removal ("Notice") under section 1446(b) of the Judicial Code, 28 U.S.C. § 1446(b). The Superior Court of State of California, Santa Clara County, is located in the Northern District of California. *See* 28 U.S.C. § 84(a). Turn has thus properly filed this Notice in this Court under section 1441(a) of the Judicial Code, 28 U.S.C. § 1441(a).

3. This Court has original jurisdiction over this suit under section 1332(a)(1) of the Judicial Code, 28 U.S.C. § 1332(a)(1), because the parties are "citizens of different States" and, the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

4. **Diversity.** "For purposes of diversity jurisdiction, an individual is the citizen of the state in which he is domiciled." *Weight v Active Network, Inc*., 29 F. Supp. 3d 1289, 1292 (S.D. Cal. 2014). Plaintiff purports to reside in San Jose, California, and is, therefore, a citizen of California. Complaint ¶ 10. "For purposes of determining diversity jurisdiction, 'a corporation

shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 462-63 (9th Cir. 2018) (quoting 28 U.S.C. § 1332(c)(1)). Turn is incorporated in the State of Delaware, and its principal place of business is located in the State of Illinois. Complaint ¶ 11. Accordingly, Turn is a citizen of Delaware and Illinois for diversity jurisdiction purposes.

5. **Amount-in-Controversy.** The amount-in-controversy for purposes of diversity jurisdiction is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). While Turn denies Plaintiff's frivolous claims in the Complaint and that Plaintiff is entitled to any of the relief he seeks, the amount-in-controversy requirement is satisfied if a jury were to return a verdict on all his claims.

6. The Complaint brings four separate causes of action: (i) violation of section 1786.29 of California's Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code § 1786.29; (ii) violation of section 1786.12(e) of the ICRAA, *id*. § 1786.29; (iii) violation of section 1786.20(b) of the ICRAA, *id*. § 1786.20(b); and (iv) negligent infliction of emotional distress ("NIED"). Complaint at 8-14.

7. For each statutory claim, Plaintiff requests the greater of the alleged actual damages he sustained due to Turn's purported violations of the ICRAA or "[s]tatutory damages [of] $10,000." *E.g.*, Complaint ¶ 31(B); *see also* Cal. Civ. Code § 1786.50 ("An investigative consumer reporting agency … that fails to comply with any requirement under [the ICRAA] … is liable" for "[a]ny actual damages sustained by the consumer as a result of the failure or, except in the case of class actions, ten thousand dollars ($10,000), whichever sum is greater"). Accordingly, at the very least, Plaintiff is seeking a total of $30,000 for compensatory damages related to his statutory claims.

8. Plaintiff also seeks, among other relief, punitive damages for each of his statutory claims, *e.g.*, Complaint ¶ 31(C), and unspecified damages for emotional distress for his NIED claim. *Id.* at 13. First, it is "well established that punitive damages are part of the amount in controversy in a civil action," where they are recoverable under one or more of the plaintiff's claims for relief. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Section 1786.50(b) of the ICRAA provides that if "the court determines that the violation was grossly negligent or willful, the court may, in addition, assess, and the consumer may recover, punitive damages." Cal. Civ. Code § 1786.50(b). Even a small multiple of the compensatory damages Plaintiff requests could satisfy the amount-in-controversy.

9. Courts also consider emotional distress damages when analyzing the amount-in-controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (emotional distress damages of at least $25,000 considered in calculating amount-in-controversy). Plaintiff seeks damages for alleged "emotional distress and humiliation resulting from Defendants [sic] providing an inaccurate [an investigative consumer report] that was solely used in an employer taking adverse action in the form of rescission of an offer of employment." Jury awards where plaintiffs have proved such damages have exceeded the amount-in-controversy or come close to it *See, e.g.*, *Smith v. LexisNexis Screening Sols., Inc.*, 837 F.3d 604, 612 (6th Cir. 2016) (upholding $72,360 jury award for emotional distress and reputational harm where a potential employer rejected job applicant due to incorrect criminal information in a background report defendant prepared); *Williams v. First Advantage LNS Screening Sols. Inc*, 947 F.3d 735, 744-45 (11th Cir. 2020) (affirming $250,000 jury award for emotional distress, lost wages, and reputational harm allegedly resulting from background checks given to potential employers that contained incorrect criminal information).

10. When a complaint requests unspecified amounts of "economic damages, emotional distress damages, [and] punitive damages," it is "appropriate to total the amounts that can be shown, based on the allegations in the complaint, for each of the categories." *Jackson v. Compass Grp. USA, Inc.*, No. CV 19-4678, 2019 WL 3493991 (C.D. Cal. July 31, 2019) (internal citation omitted). The amount-in-controversy is easily satisfied here when totaling the

categories of requested relief outlined above. *Dart Cherokee Basin Operating Co. v. Owens*, 571 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

### NOTICE TO ADVERSE PARTIES AND STATE COURT

11. Per section 1446(d) of the Judicial Code, 28 U.S.C. § 1446(d), Turn will promptly serve Plaintiff with a copy of the Notice to Plaintiff of Filing of Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446, in the form of Exhibit B, which is incorporated by reference.

12. Under section 1446(d) of the Judicial Code, 28 U.S.C. § 1446(d), Turn is also filing in the Superior Court of the State of California, Santa Clara County. It will serve the same on Plaintiff, a Notice of Superior Court of Filing of Removal under 28 U.S.C. §§ 1332, 1441, and 1446, in the form of Exhibit C, which is incorporated by reference.

\* \* \* \* \*

WHEREFORE, Turn, pursuant to sections 1332, 1441, and 1446 of the Judicial Code, 28 U.S.C. §§ 1332, 1441, 1446, removes this suit to United States District Court for the Northern District of California from the Superior Court of the State of California, Santa Clara County.

Dated: December 21, 2020              Respectfully submitted,

**MAYER BROWN LLP**

By: */s/* Sarah E. Reynolds
      Sarah E. Reynolds

Counsel for Defendant
TURN TECHNOLOGIES, INC.